UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SANSOM, | ) | 1:10CV0686 |
| | ) | |
| Petitioner | ) | JUDGE DAN AARON POLSTER |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| MARGARET BRADSHAW, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | DECISION OF MAGISTRATE JUDGE |

McHARGH, MAG. J.

The petitioner Robert Sansom ("Sansom") has filed a petition pro se for a writ of habeas corpus, arising out of his 1995 conviction for aggravated robbery, in the Cuyahoga County (Ohio) Court of Common Pleas. (Doc. 1.) In his petition, Sansom raises four grounds for relief, putting forth facts in support, verbatim:

1. A conviction induced by a guilty plea not knowingly or voluntarily, or intelligently made.

   Supporting Facts: Lost-time was never discussed at any time during the plea – or during off or on the record and not part of the plea-agreement, the things the parole board has arbitrarily done was never discussed at any time an inadequate basis for incarceration under Criminal Rule 32(C), and 11(C) Rules of Procedure (Criminal Rules).

2. Due-process violation(s). Sentence is expired.

   Supporting Facts: Criminal Rule 11(C) has been violated, for failure to make understood to petitioner the nature of the proceedings and he was never told about the appeal process. On Dec 16th, 2009, the Ohio Adult Parole Authority denied the petitioner of a fair hearing arbitrarily wherefore jurisdiction is in question.

    3. Equal protection of law.

        Supporting Facts: Petitioner was never told at court, that if laws were to change in his favor that he could never benefit from the sentences that are less stringent to his already imposed sentence.

    4. Ex post facto.

        Supporting Facts: Petitioner was never told that bad time would be added to his sentence for any violations of his parole conditions, and he was told he only had to do 2 year[s] of successful parole release where his liberties were restricted for over 28 months of parole.

(Doc. 1, § 12.)

The respondent has filed an Answer/Return of Writ, arguing that the petition should be denied as a second or successive petition. (Doc. 11, at 10-14.) The respondent also argues that the petition was untimely filed, and should be barred as outside the statute of limitations. Id. at 14-19. Sansom has failed to file a Traverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 1994, Sansom entered a plea of guilty to an amended count of robbery with a violence specification. Sentencing was set for Aug. 22, 1994. (Doc. 11, RX 2.) Sansom failed to appear for sentencing, and subsequently it was discovered that he was in jail in Arkansas. A detainer was placed on him, and he was returned to Cuyahoga County for sentencing. (Doc. 11, RX 21, at 2; RX 57.)

On May 22, 1995, the trial court sentenced Sansom to three to fifteen years in prison. (Doc. 11, RX 3.) Sansom failed to file a timely appeal of his conviction

and sentencing. [A fuller procedural history is provided, with exhibits, in the respondent's Answer. See generally doc. 11, at 1-8. This court will provide a brief summary of relevant events.]

On Apr. 15, 2003, Sansom filed a motion for leave to file a delayed appeal. (Doc. 11, RX 4-5.) The court of appeals denied Sansom leave to file a delayed appeal on May 20, 2003. (Doc. 11, RX 6.)

### A. Violations of Parole

Sansom had been released on parole on Dec. 23, 2002. (Doc. 11, RX 53, exh. B.) He was declared a parole-violator-at-large on Dec. 30, 2002. (Doc. 11, RX 53, exh. C.) He was released on parole again on Aug. 7, 2003, but once again was declared a parole-violator-at-large on Aug. 11, 2003. (Doc. 11, RX 53, exh. C.) In July 2004, his parole was revoked.

Subsequently, on Jan. 14, 2005, Sansom was released on parole (once more), and violated the terms of his parole. (Doc. 11, RX 53, exh. C; RX 56.) A parole hearing was scheduled for May 12, 2005, at which time he was found guilty of violating the terms of his release, and his parole was revoked. (Doc. 11, RX 56.)

Sansom was released on parole on Feb. 1, 2006, and on May 1, 2009, an offender violation report noted that he had not reported since Mar. 17, 2008, and his whereabouts were unknown. A warrant was issued for him. (Doc. 11, RX 56.) Sansom was declared a parole-violator-at-large effective Apr. 22, 2008. Most of these violations resulted in the imposition of lost time. See, e.g., doc. 11, RX 53, exh. B (assessed total of 872 days of lost time) and C; RX 56.

Sansom was eventually located, found guilty of violating his parole, and his parole was revoked effective Dec. 16, 2009. (Doc. 11, RX 53, exh. C; RX 56.)

### B. First Habeas Petition

Meanwhile, on March 22, 2002, Sansom had filed a petition for a writ of habeas corpus in the U.S. District Court for the Southern District of Ohio, based on several arguments concerning the rescission of his parole release date. (Doc. 11, RX 16.) Specifically, Sansom had raised the following grounds:

> 1. Respondents are violating the expressed language of Ohio Revised Code(s) 2967.21, 2967.021, 2967.13 using it to enhance my sentence.
>
> Supporting Facts: I had a parole release date for 12-1-01. Respondents revoked this because of my security-status which is in errors, also because of a D.R.C. #501.36 which cites no-one in maximum security is "eligible" for parole/release contrary to the expressed language of above Ohio Revised Code(s) and Petitioner's plea-agreement and sentence.
>
> 2. Respondents violate the Equal-Protection clause under Amendment 14 of the U.S. Constitution.
>
> Supporting Facts: The A.P.A. told me at the rescission hearing they stated: if my security level was "close" they would let me go because, I am over my guideline range. However, I can not be released from max security inmates at close/med security are being released/paroled daily with the same (scenarios) and case(s) as I have.
>
> 3. Due Process procedure has been denied by Respondents.
>
> Supporting Facts: I have committed no crimes while in prison still my parole release was extended because of my security level. I have requested correction, but Reginald Wilkinson refuses to correct the mistakes made on my security screen process. I also requested another parole hearing, because I was denied on false information.
>
> 4. Violated the Double-Jeopardy Clause.

>    Supporting Facts: Respondents took away my release and continue keeping me in prison because of my security level. Therefore more punishment is being applied arbitrarily, not because of the crime I'm in prison for. It's because of security-level and no other reason. This constitutes a second punishment/sanction.

(Doc. 11, RX 16.)

On June 6, 2002, the court adopted the recommendation of the Magistrate Judge, and dismissed the petition. (Doc. 11, RX 19; see also RX 17.) The court found that "petitioner has no constitutional right to release on parole and that the procedures complained of in connection with the denial of his release did not give rise to a constitutional violation." (Doc. 11, RX 19, at [2].)

On April 1, 2010, the current petition for habeas corpus was filed. (Doc. 1.)

## II. SECOND OR SUCCESSIVE PETITION?

The respondent argues that the present petition constitutes a second or successive petition because:

>    (1) Sansom's first habeas petition involved the 1995 convictions he is currently challenging; (2) the first petition was decided on substantive grounds; and, (3) Sansom could have included the challenges [habeas grounds] discussed above in his first petition.

(Doc. 11, at 13.) Sansom's current grounds involve the alleged failure of the trial court to make clear to Sansom, at his plea and sentencing hearings, certain consequences which might arise from the violation of his parole conditions.

The first claim argues that his plea was not knowingly made because "lost-time," which he contends had the effect of extending his sentence, was not discussed

5

at any time. See generally doc. 1, § 12.A., and memorandum in support, at 2. The second claim argues a due process violation, in that his sentence should have expired, but for an "arbitrary" decision by the Ohio Adult Parole Authority. Id. at § 12.B., and memorandum in support, at 4-5. The third ground[1] of the petition is less clear: Sansom argues an equal protection violation, in that he is unable to benefit if laws change, resulting in sentences "that are less stringent to his already imposed sentence." Id. at § 12.C. The fourth ground argues an "ex post facto" violation, in that Sansom was not warned that "bad time would be added to his sentence, for any violations of his parole conditions." Id. at § 12.D., and memorandum in support, at 3-4.

The first issue is whether Sansom's current petition should be considered a "second or successive petition." Not every subsequent petition for habeas corpus is considered a "second or successive petition" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). In re Bowen, 436 F.3d 699, 704 (6th Cir. 2006) (citing Slack v. McDaniel, 529 U.S. 473, 487 (2000), and other cases).

To file a second or successive habeas petition, the prisoner must first move for an order from the relevant U.S. Court of Appeals authorizing the district court to consider the application. Tyler v. Cain, 533 U.S. 656, 660 n.2 (2001) (citing 28 U.S.C. § 2244(b)(3)(A)); Cress v. Palmer, 484 F.3d 844, 852 (6th Cir. 2007); In re

---

[1] The respondent believes that this claim relates to a 1996 enactment which "provided that offenders are sentenced to definite sentences and parole was eliminated." (Doc. 11, at 12, citing Woods v. Telb, 89 Ohio St.3d 504, 507-508, 733 N.E.2d 1103 (2000).) However, Sansom does not cite the statute or Woods.

6

Siggers, 132 F.3d 333, 335 (6th Cir. 1997). If this petition is considered a "second" petition, this district court would have to transfer the petition to the Sixth Circuit Court of Appeals for its consideration. In re Marsch, No. 05-6340, 2006 WL 3780362, at *1 (6th Cir. Dec. 20, 2006). The movant would then have to satisfy the requirements of 28 U.S.C. § 2244(b)(1) and (2) before proceeding further. Siggers, 132 F.3d at 337-339.

Under the "abuse of writ" doctrine, a habeas petition is a "second" petition "when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." Bowen, 436 F.3d at 704 (citing McCleskey v. Zant, 499 U.S. 467, 489 (1991)); see also Cress, 484 F.3d at 852 (reasonable unavailability of factual basis establishes cause for failure to raise claim); Siggers, 132 F.3d at 338 (could have discovered factual predicate underlying claim at time of first petition).

The Supreme Court has recognized that the:

> AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A).

Tyler, 533 U.S. at 661-662. More specifically, Section 2244(b)(2)(B) provides that a successive petition may be permitted

7

> . . . if the petitioner can demonstrate that the "factual predicate for the claim could not have been previously discovered through the exercise of due diligence" and that, "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

Marsch, 2006 WL 3780362, at *2 (quoting 28 U.S.C. § 2244(b)(2)(B)(i)-(ii)).

In this case, the events that underlie Sansom's current claims arose after the filing of his initial habeas petition in March 2002. Although Sansom had contested the rescission of his parole release date in the 2002 petition, his claims were based on the allegations that his release date was being improperly and adversely affected by his security level. See generally doc. 11, RX 16. Now, in contrast, Sansom argues that his release date was improperly delayed by time "added" to his sentence for violations of his parole conditions, and that he was not properly advised of this possibility during his plea and sentencing proceedings. See generally doc. 1. The "factual predicate" for these claims arose when Sansom was first declared a parole-violator-at-large on Dec. 30, 2002, which was the first of several violations which had an adverse impact on his parole release date. (Doc. 11, RX 53, exh. B and C.)

The respondent concedes that courts have permitted a subsequent habeas petition where "the challenged conduct has occurred after the filing of the earlier petition." (Doc. 11, at 11, citing cases.) The Sixth Circuit recently concluded that Section 2244(b)'s "limitations on second or successive petitions do not apply to a numerically second petition challenging a parole determination or disciplinary

8

proceeding that occurred after the prisoner's initial petition was filed." In re Jones, No. 09-1858, 2010 WL 7375595, at *2 (6th Cir. Mar. 18, 2010).

The court finds that the factual predicate for Sansom's first, second, and fourth claims could not have been discovered prior to the filing of the March 2002 habeas petition, and thus this petition would not be barred as an improper second or successive petition. See Cress, 484 F.3d at 852 (reasonable unavailability of factual basis establishes cause for failure to raise claim); Benchoff v. Colleran, 404 F.3d 812, 818 (3d Cir. 2005) (conduct occurred after filing of earlier petition) (citing cases); In re Cain, 137 F.3d 234, 236 (5th Cir. 1998) (earlier petitions were filed before prisoner stripped of good-time credits); Siggers, 132 F.3d at 338.

In Cress v. Palmer, the Sixth Circuit affirmed the district court's dismissal of the petitioner's second habeas petition, although the petition had not received prior authorization from the court of appeals. See generally Cress, 484 F.3d at 852, 855. The court found that, although the second petition did not constitute an abuse of writ, none of the claims in the petition was cognizable on federal habeas review, and thus the district court had properly dismissed the petition. Id. at 852-853, 855. This court will therefore review the respondent's arguments that the claims of Sansom's petition are untimely and meritless.

### III. STATUTE OF LIMITATIONS

The respondent contends that the petition is barred as untimely. (Doc. 11, at 14-19.)

9

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final." Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)). The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

Sansom was sentenced on May 24, 1995. (Doc. 11, RX 3.) Under Ohio law, Sansom had 30 days within which to file his direct appeal after the date of sentencing. Ohio R. App. P. 4(A). Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing on June 1, 1995. (Doc. 11, RX 3.) See, e.g., Goodballet v. Mack, 266 F.Supp. 2d 702, 705 (N.D. Ohio 2003). Thus, his conviction became final on July 1, 1995.

For a petitioner whose state court convictions became final prior to the April 24, 1996, effective date of the AEDPA, courts have applied a one-year grace period, and hold that the statute of limitations expires one year from the effective date of the AEDPA, that is, on April 24, 1997. Allen v. Yukins, 366 F.3d 396, 400 (6th

10

Cir.), cert. denied, 543 U.S. 865 (2004); Israfil v. Russell, 276 F.3d 768, 771 (6th Cir. 2001), cert. denied, 535 U.S. 1088 (2002). Sansom's conviction became final in 1995, thus, he would have had until April 24, 1997, to file his petition for federal habeas corpus. Sansom did not file this petition (under the "mail box rule") until March 25, 2010. (Doc. 1.)

The one-year grace period may be tolled during the time that "properly filed state post-conviction or other collateral review proceedings" are pending. Israfil, 276 F.3d at 771. Sansom filed a petition for post-conviction relief on Sept. 16, 1996, which was denied on Jan. 3, 1997. (Doc. 11, RX 9 and 57.) The limitations period would have been tolled during that three and one-half month period.

Sansom did not file another challenge to his conviction until his motion for leave to file a delayed appeal on April 15, 2003. (Doc. 11, RX 4-5.) By then, the statute of limitations had expired. The filing of the motion for a delayed appeal is considered collateral review. DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir.), cert. denied, 534 U.S. 905 (2001); Sanders v. Bobby, No. 5:07CV682, 2008 WL 276415, at *3 (N.D. Ohio Jan. 31, 2008). Although filing a collateral motion may toll the running of a pending, unexpired one-year limitations period, Souter v. Jones, 395 F.3d 577, 585 (6th Cir. 2005), it will not "revive" the statute, or cause it to begin running anew. Hill v. Randle, No. 00-4168, 2001 WL 1450711, at *2 (6th Cir. Nov. 7, 2001); Searcy, 246 F.3d at 519; Leon v. Bradshaw, No. 1:05CV875, 2006 WL 1624430, at *4 (N.D. Ohio June 6, 2006); Goodballet, 266 F.Supp. 2d at 705-706.

11

A. Section 2244(d)(1)(D)

Under 28 U.S.C. § 2244(d)(1)(D), the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The limitations period under Section 2244(d)(1)(D) does not begin "when a prisoner actually understands what legal theories are available." Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). Accord Townsend v. Lafler, No. 02-2151, 2004 WL 1098757 (6th Cir. May 14, 2004), cert. denied, 543 U.S. 1062 (2005). Rather, the year "begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Id. See also Earls v. Hernandez, 403 F.Supp.2d 985, 989 (C.D. Cal. 2005) (citing cases).

To benefit from Section 2244(d)(1)(D), the habeas petition must be filed within one year from the date of the discovery. Coldiron v. Timmerman-Cooper, No. 3:04CV7750, 2007 WL 1813201, at *4 (N.D. Ohio June 19, 2007); Mosley v. Petro, No. 5:04CV726, 2006 WL 2640958, at *5 (N.D. Ohio Sept. 13, 2006). Sansom first received lost time, for the time during which he was a parole violator at large, on Jan. 29, 2003. (Doc. 11, RX 53, exh. C.) As already mentioned, Sansom did not file this petition until March 25, 2010, over seven years later. (Doc. 1.)

The petition should be denied as untimely filed.

IV.  MERITS OF CLAIMS

The respondent also contends that the petition should be dismissed because the grounds of the petition concerning parole and release calculations are not cognizable in habeas review.  (Doc. 11, at 20-22.)

The first and fourth grounds allege that Sansom's plea was invalid because "lost time" or "bad time" were not discussed at any time during the state court proceedings, resulting in an ex post facto violation.  The United States Constitution does not require the state to furnish a defendant with information about conditions of parole in order for the defendant's guilty plea to be voluntary.  Hill v. Lockhart, 474 U.S. 52, 56 (1985).  The trial court is not constitutionally required to inquire or advise about the collateral effects of the plea.  Michel v. United States, 507 F.2d 461, 465 (2d Cir. 1974).  The Sixth Circuit considers parole eligibility to be a collateral consequence of a guilty plea.  Brown v. Perini, 718 F.2d 784, 788 (6th Cir. 1983) (citing Armstrong v. Egeler, 563 F.2d 796 (6th Cir. 1977)); accord, Franks v. Lindamood, No. 07–6272, 2010 WL 3927244, at *6 (6th Cir. Sept. 22, 2010).

In addition, the Ex Post Facto Clause of the Constitution is aimed at laws (statutes, ordinances, etc.) that retroactively alter the definition of crimes or increase the punishment for criminal acts, not individual consequences of parole violations, within the sentencing range.  See, e.g., California Dep't of Corrections v. Morales, 514 U.S. 499, 504 (1995); Foster v. Booker, 595 F.3d 353, 361-362 (6th Cir.), cert. denied, 131 S.Ct. 225 (2010); Johnson v. Million, No. 03-5325, 2004 WL

13

954429 (6th Cir. Apr. 29, 2004). Sansom does not allege a proper ex post facto violation.

The second ground[2] alleges a due process violation, because his "sentence is expired." There is no constitutional right to be conditionally released on parole before the expiration of a sentence of imprisonment. Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth., 929 F.2d 233, 235 (6th Cir. 1991) (citing Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979)); Ohio ex rel. Hattie v. Goldhardt, 69 Ohio St.3d 123, 125, 630 N.E.2d 696, 698 (1994). Granting or denying parole for Ohio prisoners lies wholly within the discretion of the Ohio Adult Parole Authority. See Orient, 929 F.2d at 236; Hattie, 69 Ohio St.3d at 125, 630 N.E.2d at 698.

Challenge to a state's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action. Howard v. White, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003) (jail time credit); Kipen v. Renico, No. 02-1742, 2003 WL 21130033 (6th Cir. May 14, 2003); Ball v. Houk, No. 1:05CV2120, 2007 WL 4556676, at *13 (N.D. Ohio Dec. 20, 2007) (state court's alleged misinterpretation of crediting statutes is matter of state law). Federal

---

[2] The "supporting facts" of ground two mention that "he was never told about the appeal process." This allegation is not raised as a ground for relief, and the addendum in support makes no mention of a failure to be advised of his right to appeal his sentencing following a guilty plea. The addendum addresses his parole proceedings only. See generally doc. 1, addendum in support.

14

habeas relief is not available for a claimed error of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

As to the third ground, which asserts an equal protection violation, in that Sansom is allegedly unable to benefit if laws change, resulting in sentences "that are less stringent to his already imposed sentence." Sansom does not support this argument with any Supreme Court precedent which would indicate a constitutional violation. See generally doc. 1, addendum in support.

Habeas relief is only available if the petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Williams v. Taylor, 529 U.S. 362, 412-13 (2002); Lewis, 497 U.S. at 780. Sansom has not demonstrated that the state courts' decisions were contrary to, or involved an unreasonable application of, clearly established federal law. The petition would fail on this basis.

## V. SUMMARY

The petition for a writ of habeas corpus (doc. 1) should be denied as untimely filed. Even if the petition had been filed in a timely manner, the claims asserted would not provide grounds for relief.

RECOMMENDATION

It is recommended that petition for a writ of habeas corpus be denied.


Dated:  Sept. 27, 2011            /s/ Kenneth S. McHargh
                                  Kenneth S. McHargh
                                  United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).